1

2

3                      **UNITED STATES DISTRICT COURT**

4                           **DISTRICT OF NEVADA**

5                                    * * *

6

   WINSTON N. REED,                          Case No. 2:24-cv-01627-RFB-DJA

7
                 Plaintiff,                       **DISMISSAL ORDER**
8            v.

9   JEREMY BEAN, *et al.*,

10               Defendants.

11

12

13        Plaintiff Winston Reed brings this civil-rights action under 42 U.S.C. § 1983 to redress

14  constitutional violations that he claims he suffered while incarcerated at High Desert State Prison.

15  ECF No. 9-1 at 1. On April 10, 2025, this Court ordered Reed to file an amended complaint within

16  30 days. ECF No. 9 at 7. The Court warned Reed that the action could be dismissed if he failed to

17  file an amended complaint by that deadline. Id. That deadline expired, and Reed did not file an

18  amended complaint, move for an extension, or otherwise respond. In addition, Reed is no longer

19  incarcerated and has failed to update his mailing address, so his mail is being returned as

20  undeliverable.

21    **I.    DISCUSSION**

22        District courts have the inherent power to control their dockets and "[i]n the exercise of

23  that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

24  Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may

25  dismiss an action based on a party's failure to obey a court order or comply with local rules. See

26  Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply

27  with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal

28  Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In

    determining whether to dismiss an action on one of these grounds, the Court must consider: (1)

                                              1

1   the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

2   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

3   cases on their merits; and (5) the availability of less drastic alternatives. See In re

4   Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone,

5   833 F.2d at 130).

6       The first two factors, the public's interest in expeditiously resolving this litigation and the

7   Court's interest in managing its docket, weigh in favor of dismissing Reed's claims. The third

8   factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of

9   injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court

10  or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth

11  factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by

12  the factors favoring dismissal.

13      The fifth factor requires the Court to consider whether less drastic alternatives can be used

14  to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish

15  v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic

16  alternatives before the party has disobeyed a court order does not satisfy this factor); accord

17  Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive

18  force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives

19  prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting

20  of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been

21  "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally

22  dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan,

23  779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and

24  unless Reed files an amended complaint, the only alternative is to enter a second order setting

25  another deadline. But the reality of repeating an ignored order is that it often only delays the

26  inevitable and squanders the Court's finite resources. The circumstances here do not indicate that

27  this case will be an exception: there is no hint that Reed needs additional time or evidence that he

28

did not receive the Court's screening order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.    CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice based on Reed's failure to file an amended complaint in compliance with this Court's April 10, 2025, order and for failure to state a claim. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Reed may move to reopen this case and vacate the judgment by filing a motion for reconsideration within thirty days of the entry of this Order. In this motion, Reed would need to explain the circumstances which led to his not being able to file an amended complaint as directed by the Court. If the Court finds there is good cause or a reasonable explanation for the failure, the Court will reopen the case and vacate the judgment.

**IT IS FURTHER ORDERED** that Reed's application to proceed *in forma pauperis* (ECF No 1) is **DENIED** as moot.

**DATED**: May 30, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

3