**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

WINSTON NAJEE REED,

           Plaintiff,

    v.

JEREMY BEAN, *et al.*,

           Defendants.

Case No. 2:24-cv-01627-RFB-DJA

**DISMISSAL ORDER**

*Pro se* Plaintiff Winston Najee Reed brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated. On April 10, 2025, this Court ordered Reed to file an amended complaint within 30 days, or the case would be dismissed without prejudice for failure to state a claim. See ECF No. 9 at 7. That deadline expired and Reed did not file an amended complaint, move for an extension, or otherwise respond. The Court dismissed the case without prejudice for failure to state a claim, and the Clerk of Court entered judgment on May 30, 2025. See ECF Nos. 11, 12. However, after receiving motions from Reed regarding his updated address, the Court reopened the case and gave Reed until January 14, 2026, to file an amended complaint curing the deficiencies outlined in the original screening order. See ECF Nos. 14, 15, 16. At Reed's request, the Court extended the time to file a first amended complaint until March 20, 2026. See ECF Nos. 17, 18. The Court warned Reed that the action could be dismissed if he failed to file an amended complaint by that deadline. See ECF No. 18. That deadline expired and Reed did not file an amended complaint, move for an extension, or otherwise respond.

///

///

## I.   DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate[,] . . . dismissal" of a case. Thompson v. Hous. Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiff to keep court apprised of address); Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing Reed's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from an unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); see also Pagtalunan v. Galaza, 291 F.3d 639, 643 & 643 n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been

"eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).

Because this action cannot realistically proceed until and unless Reed files an amended complaint, the only alternative is to enter a fourth order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Reed needs additional time or evidence that he did not receive the Court's screening order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

## II.   CONCLUSION

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice based on Reed's failure to file an amended complaint in compliance with this Court's April 10, 2025, December 12, 2025, and January 21, 2026, orders and, consequently, for failure to state a claim.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case. If Reed wishes to pursue his claims, he must file a complaint in a new case.

**DATED:** May 25, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 3 -